IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,107-01






EX PARTE MARK SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 25073-C IN THE 89TH JUDICIAL DISTRICT COURT


FROM WICHITA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. Smith v.
State, No. 02-89-00084-CR (Tex. App. - Fort Worth, January 29, 1992, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate, failed to adequately cross-examine the State's witnesses, and failed to
call witnesses to testify for the defense. 


 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. Specifically, counsel shall describe the investigation performed
prior to trial, and shall state whether he considered subpoenaing the victim's father-in-law and
Robert Brazil to testify for the defense. Counsel shall also state whether he cross-examined the
coroner regarding which bullet actually caused the victim's death, and whether he elicited testimony
from the police officer who stopped Applicant in Colorado regarding whether Applicant was
behaving like a fugitive when he was stopped. Counsel shall state whether he sought to impeach the
State's witness Dennis Wiggins with prior inconsistent statements, or by calling other jail inmates
to undermine Wiggins' credibility. Counsel shall state whether one of the State's witnesses testified
to seeing someone other than Applicant firing into the victim's car at the scene, and if so, whether
counsel argued that this testimony did not support Applicant's guilt. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 24, 2011

Do not publish